SAVOY, Judge.
Defendant has appealed from a judgment of the district court ordering it to pay to plaintiff as the beneficiary of one Adraste Landreneau the .sum of $20,000, being the face value of the policy issued on the life of the said Adraste Landreneau, who departed this life on July 13, 1960.
The facts of the case are not in dispute and are as follows:
On the 11th day of July, 1958, the Petroleum Life Insurance Company of America issued a policy of -life insurance on the life of Adraste Landreneau, under the terms of which the said insurer obligated itself to pay to Semantha Vidrine, beneficiary named in said policy, or any other beneficiary thereafter named, the sum of $20,000, less any indebtedness due the insurer upon receipt of proof of death of said insured, for and in consideration of the payment by the insured of an annual premium of $1,870.60 on the 11th day of July, 1958, and the payment of a like amount on July 11th of each year thereafter until said policy had matured in accordance with the terms thereof.
In the year 1959 the Petroleum Life Insurance Company of America was merged with the defendant life insurance company, under the terms of which the defendant assumed all of the assets and liabilities of Petroleum Life Insurance Company of America, including the liability to the said Adraste Landreneau under the contract of insurance described herein. After the merger of the two corporations, the defendant issued and forwarded to the said Adraste Landreneau its assumption certificate informing. him of its assumption of liability of his said policy of insurance under the merger agreement between it and Petroleum Life Insurance Company of America.
On the 20th day of July, 1959, Adraste Landreneau contacted defendant requesting that he be permitted to make payment of the annual premium provided for in his *68 contract of insurance on the 11th day of October of each and every year, beginning with 1959, and requesting that defendant inform him of the amount of the premium for the period from July 11, 1959, until October 11, 1959, inclusive.
Defendant contacted the said Adraste Landreneau by letter dated July 21, 1959, informing him that the quarterly premium for the period stated above would be $495.77, and stating that the annual premium dates would thereafter change to the month of October. Along with the letter was enclosed a change of mode of premium form to be executed by him.
The insured received the letter and the change of mode of premium payment on July 22, 1959. It was duly signed by him on the same date and returned to defendant together with his check in the amount of $495.77 to cover the quarterly premium necessary for the period beginning July 11, 1959, and ending October 11, 1959. On October 11, 1959, or within the grace period, Mr. Landreneau paid the annual premium of $1,870.60, making the next premium due on October 11, 1960,
The said insured died on the 13th day of July, 1960. Defendant sent the plaintiff a check in the sum of $18,597.05, being the face value of the policy, less the sum of $1,402.95 withheld by defendant, being the amount which it alleged the insured owed it for premiums for nine months. Plaintiff refused to accept this amount and instituted suit for the face value of the policy and for the additional sum of $460.80, which she claimed was an unearned advance premium paid by her deceased husband for the period from his death on July 13, 1960, through October 11, 1960. This latter claim was abandoned by the plaintiff.
As mentioned before, after a trial on the merits the district judge rendered judgment in favor of plaintiff and against defendant for the face value of the policy.
The matter was submitted to this court by the defendant on written brief, and the case was argued by counsel for plaintiff along with written brief supplied to the court.
Paragraph 11 of the policy provides the following language:
“This policy is payable at the Home Office of the Company in Lafayette, Louisiana. Before any amount shall be paid hereunder, proof of interest and extent thereof must be furnished by the claimant and upon such payment the policy must be surrendered to the Company. Any indebtedness to the Company, including the amount, if any, necessary to complete the premium for the current policy year shall be deducted from any sum payable by the Company.”
Counsel for both plaintiff and defendant state that the only real issue in the instant case is whether there was an indebtedness due the defendant company at the time of the policyholder’s death.
The contention of defendant is that since the effective date of the policy was July 11, 1958, and as Mr. Landreneau died two days after the second anniversary date of the policy, his beneficiary owed three-fourths of a year’s premium for the period of October 11, 1960, to July 11, 1961.
Counsel for plaintiff takes the position that the anniversary date of the payment of the premium by the insured was changed from July 11th to October 11th of each year, beginning with the year 1959; that the contract of insurance was amended in this respect.
Counsel for defendant has cited several cases in his brief in support of defendant’s position. However, an examination of these cases reveals that they deal solely with the question of liability for the premium when the insured died on the premium due date.
The modification of the terms of the insurance policy had the effect of changing *69 the anniversary date of the premium due on said policy from July 11th to October 11th of each year. When plaintiff paid his yearly premium on October 11, 1959, he was paid up to October 11, 1960. At the time of the death of the insured on July 13, 1960, he did not owe defendant any premiums on his policy. Plaintiff, the beneficiary of the policy, likewise does not owe defendant any money on the policy of insurance.
The district judge correctly awarded to plaintiff the face value of the policy, namely, $20,000.
For the reasons assigned, the judgment of the district court is affirmed. Defendant is to pay all costs of this appeal.
Affirmed.